KEY KESAN DALLMANN PLLC
Andrew S. Dallmann (SBN 206771)
Andrew.Dallmann@kkd-law.com
26047 Acero
Mission Viejo, CA 92691
Telephone: (951) 678-2267

(Additional Counsel Listed on Signature Page)

Attorneys for Plaintiff Prosperina Ventures LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| Prosperina Ventures LLC, a Texas limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MaxLite, Inc., a New Jersey corporation,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT:**<br><br>1. **INFRINGEMENT OF U.S. PATENT NO. 9,137,866**<br>2. **INFRINGEMENT OF U.S. PATENT NO. 9,222,659**<br>3. **INFRINGEMENT OF U.S. PATENT NO. 9,310,030**<br>4. **INFRINGEMENT OF U.S. PATENT NO. 9,470,882**<br>5. **INFRINGEMENT OF U.S. PATENT NO. 9,651,239; and**<br>6. **INFRINGEMENT OF U.S. PATENT NO. 10,107,487**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Prosperina Ventures LLC ("Prosperina") by and through the undersigned counsel, hereby files this complaint against Defendant MaxLite, Inc., ("MaxLite" or "Defendant") for patent infringement of United States Patent Nos. 9,137,866; 9,222,659; 9,310,030; 9,470,882; 9,651,239; and 10,107,487 (the "Patents-in-Suit"; attached hereto as Exhibits 1-6, respectively), and alleges as follows:

## INTRODUCTION

1.     Prosperina owns by assignment all right, title and interest in numerous United States and foreign patents, including the Patents-in-Suit.

2.  Defendant infringes the Patents-in-Suit by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license, a number of its commercial products including, *inter alia*, the Maxlite GaurdMax Oval Security Wall Pack, Maxlite MR16 Gu5.3 Floodlight, Maxlite 60W 3000K Puck Lamp, Maxlite Par20 Bulb, Maxlite Par30 Flood Lamp, and Maxlite PL G24Q 6W Bulb (collectively, the "Accused Products"). The Accused Products are marketed, offered for sale, sold and distributed throughout the United States, including in this judicial district.

3.  By this action, Prosperina seeks to obtain compensation for the harm it has suffered as a result of Defendant's infringement of the Patents-in-Suit.

### NATURE OF THE ACTION

4.  This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

5.  Defendant has infringed and continues to infringe one or more claims of Patens-in-Suit at least by making, using, selling, and/or offering to sell the Accused Products in the United States, including in this judicial district, and/or by importing the Accused Products into the United States.

6.  Prosperina is the legal owner by assignment of the Patents-in-Suit, which were duly and legally issued by the United States Patent and Trademark Office ("USPTO"). Prosperina seeks monetary damages for Defendant's infringement of the Patents-in-Suit.

### THE PARTIES

7.  Prosperina is a limited liability company duly organized and existing under the laws of the State of Texas with its principal place of business at 8140 Walnut Hill Lane, Suite 615, Dallas, Texas 75231.

8.  Defendant MaxLite is a corporation duly organized and existing under the laws of the state of New Jersey and maintains a place of business in this district at 2830 E Philadelphia Street, Ontario, California 91761.

9.    On information and belief, MaxLite directly and/or indirectly develops designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in this judicial district, and otherwise directs infringing activities to this district in connection with its products and services.

## JURISDICTION AND VENUE

10.    As this is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., this Court has subject matter jurisdiction over the matters asserted herein under 28 U.S.C. §§ 1331 and 1338(a).

11.    This Court has general and specific personal jurisdiction over Defendant. Defendant conducts substantial business in the forum, directly and/or through intermediaries, including: (1) at least a portion of the infringing activity alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to persons in this district; and (iii) having a regular and established place of business in this state and in this district.

12.    Venue is proper in this judicial district under 28 U.S.C. §1400(b) because, as noted above, Defendant has committed acts of patent infringement in this district and has a regular and established places of business in this district.

## PATENTS-IN-SUIT

13.    On September 15, 2015, the USPTO duly and legally issued United States Patent No. 9,137,866 ("the '866 Patent") entitled "Emergency lighting conversion for LED strings" to inventors James Andrew McBryde and Jun Zhang. A true and correct copy of the '866 Patent is attached as Exhibit 1.

14.    The '866 Patent is presumed valid under 35 U.S.C. § 282.

15.    Prosperina owns all right, title, and interest in the '866 Patent.

16.    On December 29, 2015, the USPTO duly and legally issued United States Patent No. 9,222,659 ("the '659 Patent") entitled "LED lamp" to inventor Nicholas William Medendorp,

Jr., Randall Levy Bernard, James Michael Lay, Nathan Ray Snell, and Paul Kenneth Pickard. A true and correct copy of the '659 Patent is attached as Exhibit 2.

17.    The '659 Patent is presumed valid under 35 U.S.C. § 282.

18.    Prosperina owns all right, title, and interest in the '659 Patent.

19.    On April 12, 2016, the USPTO duly and legally issued United States Patent No. 9,310,030 ("the '030 Patent") entitled "Non-uniform diffuser to scatter light into uniform emission pattern" to inventor Tao Tong, Ronan Letoquin, Bernd Keller, Eric Tarsa, Mark Youmans, Theodore Lowes, Nicholas W. Medendorp, JR., Anthony van de Ven, Gerald Negley, Peter Guschl, and Zongjie Yuan. A true and correct copy of the '030 Patent is attached as Exhibit 3.

20.    The '030 Patent is presumed valid under 35 U.S.C. § 282.

21.    Prosperina owns all right, title, and interest in the '030 Patent.

22.    On October 18, 2016, the USPTO duly and legally issued United States Patent No. 9,470,882 ("the '882 Patent") entitled "Optical arrangement for a solid-state lamp" to inventor Dong Lu. A true and correct copy of the '882 Patent is attached as Exhibit 4.

23.    The '882 Patent is presumed valid under 35 U.S.C. § 282.

24.    Prosperina owns all right, title, and interest in the '882 Patent.

25.    On May 16, 2017, the USPTO duly and legally issued United States Patent No. 9,651,239 ("the '239 Patent") entitled "LED lamp and heat sink" to inventors Paul Kenneth Pickard, Bart P. Reier, Curt Progl, and Gerald H. Negley. A true and correct copy of the '239 Patent is attached as Exhibit 5.

26.    The '239 Patent is presumed valid under 35 U.S.C. § 282.

27.    Prosperina owns all right, title, and interest in the '239 Patent.

28.    On October 23, 2018, the USPTO duly and legally issued United States Patent No. 10,107,487 ("the '487 Patent") entitled "LED light bulbs" to inventors George R. Brandes and Julio A. Garceran. A true and correct copy of the '487 Patent is attached as Exhibit 6.

29.    The '487 Patent is presumed valid under 35 U.S.C. § 282.

30.    Prosperina owns all right, title, and interest in the '487 Patent.

## CLAIMS FOR RELIEF

### Count I – Infringement of United States Patent No. 9,137,866

31.    Prosperina repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

32.    MaxLite (or those acting on its behalf) has infringed and is infringing, either literally or under the doctrine of equivalents, at least claim 1 of the '866 Patent in violation of 35 U.S.C. §§ 271 et seq., by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license, the Maxlite GuardMax Oval Security Wall Pack, and substantially similar products (collectively, the "'866 Accused Products").

33.    As just one non-limiting example, set forth in Exhibit 7 is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '866 Patent in connection with one of the '866 Accused Products (e.g., the Maxlite GuardMax Oval Security Wall Pack). This description is based on publicly available information. Prosperina reserves the right to modify this description, including, for example, on the basis of information about the '866 Accused Products that it obtains during discovery.

34.    Prosperina is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '866 Patent.

35.    Prosperina is entitled to recover from Defendant all damages that it has sustained as a result of Defendant's infringement of the '866 Patent, including, without limitation, a reasonable royalty.

### Count II – Infringement of United States Patent No. 9,222,659

36.    Prosperina repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

37.    MaxLite (or those acting on its behalf) has infringed and is infringing, either literally or under the doctrine of equivalents, at least claim 1 of the '659 Patent in violation of 35 U.S.C. §§ 271 et seq., by making, using, offering for sale, and/or selling in the United States,

and/or importing into the United States without authority or license, the Maxlite PL G24Q 6W Bulb, and substantially similar products (collectively, the "'659 Accused Products").

38.   As just one non-limiting example, set forth in Exhibit 8 is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '659 Patent in connection with one of the '659 Accused Products (e.g., the Maxlite PL G24Q 6W Bulb). This description is based on publicly available information. Prosperina reserves the right to modify this description, including, for example, on the basis of information about the '659 Accused Products that it obtains during discovery.

39.   Prosperina is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '659 Patent.

40.   Prosperina is entitled to recover from Defendant all damages that it has sustained as a result of Defendant's infringement of the '659 Patent, including, without limitation, a reasonable royalty.

**Count III – Infringement of United States Patent No. 9,310,030**

41.   Prosperina repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

42.   MaxLite (or those acting on its behalf) has infringed and is infringing, either literally or under the doctrine of equivalents, at least claim 1 of the '030 Patent in violation of 35 U.S.C. §§ 271 et seq., by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license, the Maxlite Par20 Bulb, Maxlite MR16 Gu5.3 Floodlight, Maxlite Par38 Bulb, Maxlite Par30 Flood Lamp, and substantially similar products (collectively, the "'030 Accused Products").

43.   As just one non-limiting example, set forth in Exhibit 9 is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '030 Patent in connection with one of the '030 Accused Products (e.g., the Maxlite Par20 Bulb). This description is based on publicly available information. Prosperina reserves the right to modify this description, including, for

example, on the basis of information about the '030 Accused Products that it obtains during discovery.

44.    Prosperina is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '030 Patent.

45.    Prosperina is entitled to recover from Defendant all damages that it has sustained as a result of Defendant's infringement of the '030 Patent, including, without limitation, a reasonable royalty.

<u>**Count IV – Infringement of United States Patent No. 9,470,882**</u>

46.    Prosperina repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

47.    MaxLite (or those acting on its behalf) has infringed and is infringing, either literally or under the doctrine of equivalents, at least claim 1 of the '882 Patent in violation of 35 U.S.C. §§ 271 et seq., by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license, the Maxlite Par30 Flood Lamp, Maxlite MR16 Gu5.3 Floodlight, Maxlite Par20 Bulb, Maxlite Par38 Bulb, and substantially similar products (collectively, the "'882 Accused Products").

48.    As just one non-limiting example, set forth in <u>Exhibit 10</u> is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '882 Patent in connection with one of the '882 Accused Products (e.g., the Maxlite Par30 Flood Lamp). This description is based on publicly available information. Prosperina reserves the right to modify this description, including, for example, on the basis of information about the '882 Accused Products that it obtains during discovery.

49.    Prosperina is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '882 Patent.

50.    Prosperina is entitled to recover from Defendant all damages that it has sustained as a result of Defendant's infringement of the '882 Patent, including, without limitation, a reasonable royalty.

## **Count V – Infringement of United States Patent No. 9,651,239**

51.     Prosperina repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

52.     MaxLite (or those acting on its behalf) has infringed and is infringing, either literally or under the doctrine of equivalents, at least claim 1 of the '239 Patent in violation of 35 U.S.C. §§ 271 et seq., by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license, the Maxlite MR16 Gu5.3 Floodlight, Maxlite 60W 3000K Puck Lamp, Maxlite Par30 Flood Lamp, and substantially similar products (collectively, the "'239 Accused Products").

53.     As just one non-limiting example, set forth in Exhibit 11 is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '239 Patent in connection with one of the '239 Accused Products (e.g., the Maxlite MR16 Gu5.3 Floodlight). This description is based on publicly available information. Prosperina reserves the right to modify this description, including, for example, on the basis of information about the '239 Accused Products that it obtains during discovery.

54.     Prosperina is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '239 Patent.

55.     Prosperina is entitled to recover from Defendant all damages that it has sustained as a result of Defendant's infringement of the '239 Patent, including, without limitation, a reasonable royalty.

## **Count VI – Infringement of United States Patent No. 10,107,487**

56.     Prosperina repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

57.     MaxLite (or those acting on its behalf) has infringed and is infringing, either literally or under the doctrine of equivalents, at least claim 1 of the '487 Patent in violation of 35 U.S.C. §§ 271 et seq., by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license, the Maxlite 60W 3000K Puck

Lamp, Maxlite G25 Lamp, Maxlite MR16 Gu5.3 Floodlight, Maxlite Par20 Bulb, Maxlite Par38 Bulb, Maxlite Par30 Flood Lamp, and substantially similar products (collectively, the "'487 Accused Products").

58.    As just one non-limiting example, set forth in Exhibit 12 is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '487 Patent in connection with one of the '487 Accused Products (e.g., the Maxlite 60W 3000K Puck Lamp). This description is based on publicly available information. Prosperina reserves the right to modify this description, including, for example, on the basis of information about the '487 Accused Products that it obtains during discovery.

59.    Prosperina is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '487 Patent.

60.    Prosperina is entitled to recover from Defendant all damages that Prosperina has sustained as a result of Defendant's infringement of the '487 Patent, including, without limitation, a reasonable royalty.

## JURY DEMANDED

61.    Pursuant to Federal Rule of Civil Procedure 38(b), Prosperina hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

a.    That judgment be entered that Defendant has infringed at least one or more claims of the patents-in-suit, directly and/or indirectly, literally and/or under the doctrine of equivalents;

b.    An award of damages sufficient to compensate Prosperina for Defendant's infringement under 35 U.S.C. § 284;

c.    Costs and expenses in this action;

d.    An award of prejudgment and post-judgment interest; and

e.    Such other and further relief as the Court may deem just and proper.

Date: August 5, 2026

Respectfully submitted,

**KEY KESAN DALLMANN PLLC**

/s/      *Andrew S. Dallmann*
Andrew S. Dallmann

**KENT & RISLEY LLC**
Daniel A. Kent (to be admitted *pro hac vice*)
   dankent@kentrisley.com
   (404) 585-4214
Samuel J. Najim (to be admitted *pro hac vice*)
   samnajim@kentrisley.com
   (404) 855-3866
Olivia E. Marbutt (to be admitted *pro hac vice*)
   oliviamarbutt@kentrisley.com
   (404) 855-3865
5755 N Point Pkwy Ste 57
Alpharetta, GA 30022

*Attorneys for Plaintiff*
***Prosperina Ventures LLC***

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in the instant action.

DATED:  August 5, 2026                      **KEY KESAN DALLMANN PLLC**

By:  _____/s/ *Andrew S. Dallmann*_____
       Andrew S. Dallmann
       *Attorneys for Plaintiff*
       *Prosperina Ventures LLC*

**COMPLAINT**
**11**